UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-92-F

| | | |
|---|---|---|
| BRIAN C. BAKER, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., successor in | ) | ORDER |
| interest to COUNTRYWIDE BANK, FSB, | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| AS TRUSTEE FOR THE BENEFIT OF | ) | |
| LXS 2007-16N TRUST FUND, and | ) | |
| SPECIALIZED LOAN SERVICING, LLC | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the Defendants' motion for stay of discovery and pretrial deadlines or for alternative extension of discovery and pretrial deadlines [DE-22]. Plainitff has filed a response in opposition and the matter is now ripe for resolution. For the reasons that follow, the motion is DENIED in part and ALLOWED in part.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Brian C. Baker ("Baker") initiated this action by filing a complaint on February 7, 2013, asserting claims for violation of the Truth in Lending Act, quiet title, and breach of the duty of good faith and fair dealing. *See* Compl. [DE-1]. Thereafter, Defendants (collectively "Bank of America") timely filed a motion to dismiss [DE-8] the complaint. The motion to dismiss potentially disposes of all of Baker's claims in this case. Briefing was completed and the

motion was submitted to the court on May 16, 2013, although the court has not had occasion to rule on the motion to dismiss.

The court has also entered a scheduling order [DE-17] in this case. The scheduling order set a discovery deadline of December 1, 2013 and a dispositive motion deadline of January 15, 2014. On November 14, 2013, two weeks before the close of discovery, Bank of America filed the instant motion requesting that discovery be stayed pending resolution of the motion to dismiss. In the alternative, Bank of America seeks an extension of the discovery deadline and the deadline for filing dispositive motions.

## DISCUSSION

The court has broad discretion to stay discovery pending resolution of a motion to dismiss. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The standard factors favoring issuance of a stay include the potential for the dispositive motion to terminate all claims in the case, strong support for the dispositive motion on the merits, and irrelevancy of the disocvery at issue to the dispositive motion. *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003); *Simpson v. Speciality Retail Concepts*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *Kron Medical Corp v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988). The moving party bears the burden of showing good cause and reasonableness for a stay pending discovery. *Simpson*, 121 F.R.D. at 263.

Bank of America's proffered justification for the stay is that its motion to dismiss potentially could dispose of Baker's complaint its entirety and, as such, a stay of discovery will conserve judicial resources. This argument may have been appealing if Bank of America would have moved for a stay of discovery shortly after filing its motion to dismiss. If Bank of America

were truly concerned about conserving resources, it would not have waited until approximately two weeks before the close of discovery to request the stay. More likely, Bank of America requests the stay so that it will have time to complete discovery at a later date in the event the court denies the motion to dismiss, potentially because it is has not diligently pursued discovery during the allotted time frame. Indeed, Bank of America requests an extension of discovery deadlines as alternative relief. Although it is true that the motion to dismiss may dispose of all the claims in this case, under these facts the court finds that Bank of America has established neither good cause nor reasonableness for a stay of discovery.

Nor has Bank of America demonstrated good cause for an extension of the discovery period. Bank of America's memorandum in support of its motion [DE-23] provides no argument as to why an extension of the discovery period is warranted under the circumstances. *See* Fed. R. Civ. P. 26 ("A [discovery] schedule may be modified only for good cause and with the judge's consent."). Although the court is tempted to find that Bank of America has waived its request to extend the discovery period by failing to include any argument on the issue in its brief, the court will give Bank of America the benefit of the doubt and assume this was an oversight. Accordingly, Bank of America may file a new motion to extend the discovery period, but it must include argument in this motion regarding why good cause exists to extend the discovery period. Bank of America is specifically forewarned that the court is not going to find good cause on the basis that Bank of America assumed its motion to dismiss would be successful and therefore decided not to pursue discovery.

The court recognizes the parties have been waiting for the court's decision on the motion to dismiss for some time, which may have caused some uncertainty in this case. The court also

3

agrees with Bank of America that it would be inefficient to brief and argue motions for summary judgment when the motion to dismiss has not been decided. Bank of America is obviously entitled to a final ruling on the motion to dismiss before it begins preparing to defend a summary judgment motion. Accordingly, the court finds that good cause exists to extend the deadlines for submitting dispositive motions in this case. Bank of America's motion, to the extent it requests an extension of the deadline for filing pretrial motions, is therefore ALLOWED.

## CONCLUSION

Bank of America's motion for stay of discovery and pretrial deadlines or for alternative extension of discovery and pretrial deadlines [DE-22] is DENIED in part and ALLOWED in part. The motion for stay is DENIED. The motion for extension of the discovery period is DENIED without prejudice to re-file as set forth above. The motion for extension of the deadline for filing dispostive motions is ALLOWED and it is hereby ORDERED that the deadline is extended to **February 17, 2013**. The scheduling order is RATIFIED in all other respects. The court will attempt to complete the order on the motion to dismiss in the coming weeks.

SO ORDERED.

This, the 6th day of December, 2013.

James C. Fox
JAMES C. FOX
Senior United States District Judge